J-S15027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                        :           PENNSYLVANIA

                v.                :

LUIS ANGEL BAUTISTA              :

        Appellant         :     No. 1393 MDA 2022

Appeal from the Judgment of Sentence Entered September 1, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0003613-2021

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:         **FILED OCTOBER 17, 2023**

Appellant Luis Angel Bautista appeals from the September 1, 2022 judgment of sentence entered in the Court of Common Pleas of Berks County ("trial court"), following his negotiated guilty plea to one count of rape of a child, 18 Pa.C.S.A. § 3121(c). His counsel has filed a brief and an application to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1969), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we affirm the judgment of sentence and grant counsel's application to withdraw.

The facts and procedural history of this case are undisputed. Briefly, in connection with the sexual abuse of a twelve-year-old girl that resulted in pregnancy and the delivery of a baby boy, Appellant was charged with multiple sex crimes. On May 12, 2022, Appellant entered into a negotiated guilty plea to rape of child, in exchange for a sentence of 8 to 20 years' incarceration, followed by 3 years' probation, and the dismissal of the remaining charges.

On September 1, 2022, the trial court sentenced Appellant consistent with the negotiated guilty plea. Separately, the trial court determined Appellant not to be a sexually violent predator.[1] On September 26, 2022, Appellant appealed to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Instead of the court-ordered Rule 1925(b) statement, Appellant's counsel filed a statement of intent to file an *Anders* brief under Pa.R.A.P. 1925(c)(4).[2]

On February 22, 2023, Appellant's counsel filed in this Court an application to withdraw as counsel and filed an *Anders* brief, wherein counsel for the first time claimed that Appellant's negotiated plea was involuntary and unknowing. *Anders* Brief at 5. In response, the trial court issued a brief Rule 1925(a) statement.

---

[1] On September 21, 2022, Appellant filed a "Motion for Judgment on the Pliding [(sic)] Short Form," that the trial court dismissed as untimely on September 30, 2022. Therein, however, Appellant did not challenge—or otherwise seek to withdraw—his negotiated guilty plea.

[2] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [*Anders*] brief in lieu of filing a Statement. If, upon review of the [*Anders*] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's application to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of **Santiago**. We, therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5.

We now turn to the merits of Appellant's appeal, wherein he challenges the validity of his guilty plea. This issue, however, is waived. Appellant did not object to the guilty plea during the plea colloquy or file any post-sentence motions seeking to withdraw his guilty plea. **See Commonwealth v. Lincoln**, 72 A.3d 606, 610-11 (Pa. Super. 2013) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea), **appeal denied**, 87 A.3d 319 (Pa. 2014); **Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa. Super. 2002) (noting that the appellant's claim challenging the validity of guilty plea was waived because the appellant neither objected

during colloquy nor challenged it in a post-sentence motion); **see also** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of plea of guilty or *nolo contendere* shall be filed no later than 10 days after imposition of sentence); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal"). Moreover, historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." **Commonwealth v. Roberts**, [] 352 A.2d 140, 141 (Pa. Super. 1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court"). Accordingly, Appellant is not entitled to relief.[3]

Separately, based upon our independent review of the record, as detailed above, we agree with counsel that Appellant has not raised any non-frivolous matters herein. We, therefore, affirm the judgment of sentence and grant counsel's application to withdraw.

---

[3] We decline to opine on the merits of the issue asserted on appeal.

Judgment of sentence affirmed. Application to withdraw granted. Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2023